Mark J. Connot (10010)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Tel: 702-699-5924
Fax: 702-597-5503
mconnot@foxrothschild.com

*Attorneys for Plaintiff Cirrus Aviation Services, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CIRRUS AVIATION SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CIRRUS DESIGN CORPORATION <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **(Jury Trial Demanded)** |

Plaintiff, Cirrus Aviation Services, LLC ("Cirrus Aviation") brings this action against Defendant, Cirrus Design Corporation ("Cirrus Design") for a declaratory judgment that it does not infringe trademark rights of Defendant in and to the term CIRRUS and that Plaintiff's concurrent use of the CIRRUS term in connection with unrelated services does not warrant a finding of unfair competition.

## The Parties

1.    Plaintiff is an Arizona limited liability company with its principal place of business at 275 East Tropicana Avenue, Las Vegas, Nevada 89169.

2.    Upon information and belief, Defendant is a Wisconsin corporation, with its principal place of business at 4515 Taylor Circle, Duluth, Minnesota, 55811.

## Jurisdiction and Venue

3.    This Court has subject matter jurisdiction over this complaint pursuant to the Trademark Laws of the United States, 15 U.S.C. § 1121 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331, 1332 and 1338(a). An actual and justiciable

1

controversy exists between Cirrus Aviation and Cirrus Design regarding the non-infringement of Cirrus Design's federally registered CIRRUS formative trademarks and accompanying Common Law CIRRUS formative trademarks.

4. Defendant, Cirrus Design, is subject to personal jurisdiction in this Court as evidenced by its systematic and continuous contacts with the State of Nevada as it has consistently offered, sold and shipped goods into the State of Nevada. Further, Defendant has asserted claims that Plaintiff is violating Defendant's allegedly protected trademarks within this jurisdiction. Still further, Defendant interfered with Cirrus Aviation's business by threatening to sue if they continue to offer Cirrus Aviation's services within this jurisdiction.

5. Venue is proper in this jurisdiction pursuant to, *inter alia,* 28 U.S.C. § 1391(b)(2).

## Background

6. Plaintiff hereby incorporates by reference paragraphs 1 through 5 above as if fully set forth herein.

7. Plaintiff Cirrus Aviation is in the business of providing private airline charter flights and other related services in the aircraft charter industry.

8. In May 2007, Plaintiff adopted and first used the trademark CIRRUS AVIATION.

9. On 7 May 2007 Plaintiff rendered its first trademark use of the CIRRUS AVIATION brand by its performance of a charter flight between Las Vegas, Nevada and Cuernavaca, Mexico.

10. Since 2007, Plaintiff's trademark use of the CIRRUS AVIATION brand has expanded to include on demand aircraft charter services from regional and local airports across the Western United States and Mexico and is currently offering aviation services between Las Vegas, Nevada and other destinations including Aspen, Colorado; Provo and Salt Lake City, Utah; Reno, Nevada; Phoenix, Arizona; Sun Valley, Idaho; Las Angeles, San Francisco, Sonoma, Napa, and San Diego, California; and Monterrey, Mexico. During the past nine years

ACTIVE\43313933.v2-11/18/16

1 Plaintiff has also rendered private air charter services to many other cities across the United States, Mexico, Canada, Central America and the Caribbean.

11. Plaintiff is the holder of a Federal Aviation Administration Air Carrier certificate granting it the right to provide commercial air carrier services under the name Cirrus Aviation Services.

12. In 2015, Cirrus Aviation has completed over 1900 flights transferring over 3800 passengers. Thus far in 2016, Cirrus Aviation has completed over 1900 flights transferring over 4000 passengers.

13. Since at least as early as 2010, Cirrus Aviation has consistently advertised and marketed its services by way of its website at www.cirrusav.com and on other online marketing pages, including Facebook, YouTube, LinkedIn, and others. Today, customers routinely schedule and book reservations via Plaintiff's online booking and scheduling platform.

14. As a result of Plaintiff's continued and uninterrupted use, spanning the United States, for over nine years, Cirrus Aviation has acquired strong common law rights in and to the name CIRRUS AVIATION, as consumers seeking private charter flight services have come to know and recognize CIRRUS AVIATION as both a source identifier for the services rendered as well as a symbol for excellence in private air travel.

15. Defendant, Cirrus Design, upon information and belief is a developer and manufacturer of personal aircraft and structural parts therefor.

16. Upon information and believe, Defendant offers and sells its personal aircraft nationwide, including in the District of Nevada, specifically employing a Sales Director for the region covering Las Vegas, Nevada, Southern California and Arizona. Defendant also employs a second Sales Director covering Central and Northern Nevada as well as Central and Northern California. See http://cirrusaircraft.com/locator/# (last visited November 14, 2016).

17. Upon information and belief, Defendant owns federal trademark registrations for the marks:

    a. CIRRUS – U.S. Reg. No. 1907261 for aircraft and structural parts therefor;

ACTIVE\43313933.v2-11/18/16

b. CIRRUS – U.S. Reg. No. 4321276 for airplanes and structural parts therefor;

c. CIRRUS AIRFRAME PARACHUTE SYSTEM – U.S. Reg. No. 4554515 for parachutes; safety devices for aircraft, pilots and passengers, namely parachutes and parachute deployment equipment;

d. CIRRUS – U.S. Reg. No. 4651692 for jet aircraft and structural parts therefor; parachutes; safety devices for aircraft, pilots and passengers, namely parachutes and parachute deployment equipment;

e. CIRRUS – U.S. Reg. No. 4758288 for Computer Hardware for Aircraft; Avionic Sensor Systems, Namely, Navigation Systems, Aircraft Airspeed Sensors, and Aircraft Altitude Indicators, among other airplane software and hardware and operational control products.

f. CIRRUS PERSPECTIVE – U.S. Reg. No. 4686664 for Computer Hardware for Aircraft; Avionic Sensor Systems, Namely, Navigation Systems, Aircraft Airspeed Sensors among other airplane software and hardware and operational control products;

g. CIRRUS – U.S. Reg. No. 4635535 for airplane maintenance and repair; information with relation to aircraft construction, repair and maintenance;

h. CIRRUS – U.S. Reg. No. 4635536 for aircraft inspection services; aircraft quality assurance services; aircraft design; providing a website featuring resources, namely non-downloadable software for flight and instrument training;

i. CIRRUS CERTIFIED – U.S. Reg. No. 4733883 for Rating the Condition of Pre-Owned Aircraft for Buyers Prior to Purchase to Verify that Pre-Owned Aircrafts are in Good Working Order; Advertising and Marketing; Advertising and Publicity Services; Online Retail store Services Connected with the Sale of Aircraft; Business Consultation in the Field of Sales of Aircraft; Providing marketing Information in the

4

Field of Sales of Aircraft; Business Services, namely, Marketing of New and Pre-Owned Aircraft for Third Parties; Providing Appraisal, and Advertising Services to Others in the Field of Aircraft Acquisition and Sales;

j. CIRRUS CERTIFIED – U.S. Reg. No. 4758226 for Aircraft Inspection Services; Aircraft Quality Assurance Services; Providing technical information in the fields of aircraft inspection and quality assurance;

k. CIRRUS – U.S. Reg. No. 4853511 for Airplane flight instruction; Educational services, namely, conducting live and online classes, symposia, seminars and webinars in the field of aircraft maintenance, modification, and repair and distribution of training materials in connection therewith; and

l. CIRRUS CERTIFIED – U.S. Reg. No. 4916346 for providing warranties on aircraft; warranty underwriting in the field of aircraft, aircraft engines/motors and aircraft-related machines and of parts, fittings and accessories for the aforesaid; warranty claims administration services, namely, processing warranty claims for the maintenance, repair and replacement of aircraft and parts thereof; none of the foregoing being in relation to credit cards, debit cards, payment cards, automatic teller machines (ATMs), point of sale payment terminals, ATM, financial, banking, credit and payment services, electronic funds and currency transfer services, computer hardware and software for carrying out the aforementioned services and other related products and services (collectively the "Cirrus Design Trademarks" covering the "Cirrus Design Goods and Services").

18. On February 11, 2014, Plaintiff received a letter from counsel for Defendant stating that it considered Plaintiff's use of its CIRRUS and CIRRUS AVIATION trademarks for private airline charter flights to be infringing on Defendant's federal and common-law

5

ACTIVE\43313933.v2-11/18/16

trademark rights in the Cirrus Design Trademarks for the Cirrus Design Goods and Services. A true and correct copy of the letter dated February 11, 2014 is attached hereto as **Exhibit "A"**.

19. On June 17, 2015, Plaintiff filed a Notice of Opposition against Defendant's trademark application for the mark CIRRUS (Appl. Ser. No. 86075690), for services generally described as "Rating the Condition of Pre-Owned Aircraft for Buyers Prior to Purchase to Verify that Pre-Owned Aircraft are in Good Working Order; Advertising and Marketing; Advertising and Publicity Services; Online Retail Store Services Connected with the Sale of Aircraft; Business Consultation in the Field of Sales of Aircraft; Providing Information in the Field of Sales of Aircraft; Business Services, namely, Marketing of New and Pre-Owned Aircraft for Third Parties; Providing Advertising Services to Others in the Field of Aircraft Acquisition and Sales; Aircraft Crew Scheduling Services; Employment Staffing in the Fields of Aircraft Operations, Namely, Personnel Search, Recruitment, and Placement of Flight Crews and Pilots; Providing Employee Leasing of Aircraft Flight Crews; Business Management Services in the Nature of Private Aircraft Management Services, namely, Providing Consumer Research for Suitable Planes for Customers, Providing and Assisting with the Completion of FAA Documentation, Namely, Aircraft Registration and Title Transfer, Aircraft Export Documentation, Accident Investigation Reports, Aircraft Safety Documentation, and Aircraft Maintenance History Documentation in Connection with Sold Aircraft, Hiring and Managing Pilot and Flight Crew for Customers, Managing Training Requirements for Pilots and Crews, Tracking Aircraft Operation, Preparation of Flight Scheduling, Tracking and Scheduling of Aircraft Maintenance, Providing Utilization Reports; Providing Supplemental Lift Scheduling in the Nature of Scheduling Alternate Flights or Charter Flights" (the "Notice of Opposition"). A true and correct copy of the Notice of Opposition is attached hereto as **Exhibit "B"**.

20. As grounds for the Notice of Opposition, Plaintiff relied upon its strong Common Law trademark rights in and to the CIRRUS AVIATION marks, specifically noting that if Defendant was permitted to register its CIRRUS mark to cover various aircraft-related services, members of the public would erroneously believe that Defendant's services originate with, or are

ACTIVE\43313933.v2-11/18/16

in some manner connected or associated with, or sponsored by Plaintiff, all to the harm of Cirrus Aviation's goodwill and reputation.

21. Subsequently, and for the next year, the parties discussed and unsuccessfully negotiated the possibility of an amicable agreement and resolution of the dispute.

22. Despite what appeared to be amicable negotiations, on November 7, 2016, Defendant sent a subsequent demand letter asserting rights in the Cirrus Design Trademarks for the Cirrus Design Goods and Services, and providing Plaintiff an ultimatum of November 21, 2016 to withdraw its outstanding Opposition and agree to cease use of the mark CIRRUS AVIATION SERVICES. A true and correct copy of the letter dated November 7, 2016 is attached hereto as **Exhibit "C"**.

23. Absent acceptance of Defendant's demands, Counsel for Defendant threatened the filing of a lawsuit for trademark infringement, and sent a draft copy of the proposed Complaint claiming Federal Trademark Infringement (15 U.S.C. Sec. 1114), Federal Unfair Competition (15 U.S.C. Sec. 1125(a)), and a Violation of Minnesota's Uniform Deceptive Trade Practices Act (Minn. Stat. Sec. 325D.43-324D.48 and Common Law).

24. Given its long use of the CIRRUS AVIATION mark in connection with air charter-related services, and the continued amicable negotiations between the parties, Plaintiff was surprised to receive a demand letter from Defendant on November 7, 2016, stating that it considered Plaintiff's use of its CIRRUS AVIATION SERVICES mark to infringe upon Defendant's Cirrus Design Trademarks, to constitute unfair competition, and violate common law and the Minnesota Deceptive Trade Practices Act.

## CLAIM I
### (DECLARTORY JUDGMENT OF NON-INFRINGEMENT OF THE CIRRUS DESIGN TRADEMARKS)

25. Cirrus Aviation incorporates by reference the factual allegations contained in paragraphs 1 through 23 of this complaint, as if fully set forth herein.

26. Plaintiff's continued and concurrent use of CIRRUS AVIATION and CIRRUS AVIATION SERVICES in connection with its private airline charter services is not likely to

7

ACTIVE\43313933.v2-11/18/16

cause confusion or mistake with Defendant's use of CIRRUS, CIRRUS AIRFRAME PARACHUTE SYSTEM, CIRRUS CERTIFIED, and CIRRUS PERSPECTIVE, which are each narrowly tailored to Defendant's goods and services, which differ notably from the CIRRUS AVIATION services offered by Plaintiff.

27. Plaintiff's use of CIRRUS AVIATION and CIRRUS AVIATION SERVICES in connection with its private airline charter services does not infringe any protectable trademark rights Defendant may have in CIRRUS, CIRRUS AIRFRAME PARACHUTE SYSTEM, CIRRUS CERTIFIED, and CIRRUS PERSPECTIVE under federal or state trademark laws, and including any common law rights of Defendant that may flow from its trademark use and/or registrations.

28. The parties maintain adverse legal interests with respect to the CIRRUS AVIATION and CIRRUS AVIATION SERVICES trademarks, and whether Plaintiff's use infringes the Cirrus Design Trademarks.

29. An actual and justiciable and substantial controversy exists between Plaintiff and Defendant with respect to Defendant's purported trademark rights.

30. The substantial controversy is confirmed by the acts of Defendant as set forth in its November 7, 2016 letter and threats of a trademark infringement and unfair competition lawsuit against Plaintiff's use of the CIRRUS AVIATION and CIRRUS AVIATION SERVICES trademarks.

31. Declaratory relief will resolve this controversy.

32. A judicial declaration of non-infringement of Defendant's asserted Cirrus Design Trademark rights is necessary and appropriate to resolve this controversy.

## CLAIM II

### (DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION)

33. Cirrus Aviation incorporates by reference the factual allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

34. There is no association of origin by consumers between the Plaintiff's CIRRUS AVIATION and CIRRUS AVIATION SERVICES marks and the Cirrus Design Trademarks.

8

ACTIVE\43313933.v2-11/18/16

35. There is no likelihood of consumer confusion occurring as a result of the Plaintiff's concurrent use of the CIRRUS AVIATION and CIRRUS AVIATION SERVICES marks and Defendant's use of the Cirrus Design Trademarks. Cirrus Aviation has not committed any act of unfair competition during the past seven years of their concurrent use of the CIRRUS AVIATION and CIRRUS AVIATION SERVICES

36. The parties maintain adverse legal interests with respect to the CIRRUS AVIATION and CIRRUS AVIATION SERVICES trademarks, and whether the use unfairly competes with Defendant and its Cirrus Design Trademarks.

37. An actual and justiciable and substantial controversy exists between Plaintiff and Defendant with respect to Defendant's purported trademark rights.

38. The substantial controversy is confirmed by the acts of Defendant as set forth in its November 7, 2016 letter and threats of a trademark infringement and unfair competition lawsuit against Plaintiff's use of the CIRRUS AVIATION and CIRRUS AVIATION SERVICES trademarks.

39. Declaratory relief will resolve this controversy.

40. A judicial declaration of no acts of unfair competition is necessary and appropriate to resolve this controversy.

**RELIEF SOUGHT:**

WHEREFORE, Cirrus Aviation respectfully requests that this Court:

(1) Enter judgment in favor of Plaintiff and against Defendant;

(2) Issue an order declaring that Plaintiff's use of CIRRUS AVIATION and CIRRUS AVIATION SERVICES does not infringe on any federal or common law trademark rights of Defendant;

(3) Issue an order declaring that Plaintiff does not violate any federal or state law as a result of its use of the CIRRUS AVIATION and CIRRUS AVIATION SERVICES marks in commerce;

(4) Enter a declaratory judgment that Plaintiff has not infringed any federal trademark right in any one or more of the Cirrus Design Trademarks;

ACTIVE\43313933.v2-11/18/16

(5) Enter a declaratory judgment that Plaintiff's use of the CIRRUS AVIATION and CIRRUS AVIATION SERVICES mark in commerce does not constitute unfair competition;

(6) Order that Defendant pay compensatory damages to Plaintiff in an amount to be determined at trial;

(7) Award Cirrus Aviation its costs and reasonable attorneys' fees incurred in this action; and

(8) Grant Cirrus Aviation any such other, further, different, or additional relief as this Court deems just, equitable, and proper.

**DEMAND FOR JURY TRIAL**

Cirrus Aviation demands trial by jury on all issues triable to a jury.

Dated: November 18, 2016

Respectfully submitted,

FOX ROTHSCHILD LLP

Mark J. Connot (10010)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*Attorneys for Plaintiff Cirrus Aviation Services, LLC*

ACTIVE\43313933.v2-11/18/16