Michael J. McCue (Nevada Bar #6055)
Meng Zhong (Nevada Bar #12145)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
(702) 949-8200 (phone)
E-mail: mmccue@lrrc.com
E-mail: mzhong@lrrc.com

*Attorneys for Defendant and Counter-Claimant
Cirrus Design Corporation*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CIRRUS AVIATION SERVICES, LLC,

    Plaintiff and Counter-Defendant,

v.

CIRRUS DESIGN CORPORATION,

    Defendant and Counter-Plaintiff.

Case No. 2:16-cv-2656-JAD-GWF

**PROPOSED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause,

IT IS HEREBY ORDERED THAT:

1. <u>Scope of Protection</u>

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought.

Nonparties may challenge the confidentiality of the protected information by filing a

107205495_1

motion to intervene and a motion to de-designate.

2. <u>Definitions</u>

(a) The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party.

(b) The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION.

3. <u>Designation of Information</u>

(a) Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b) A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION by requesting the reporter to so designate the transcript at the time of the deposition.

(c) A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda, and all other papers sent to the Court or to opposing counsel as containing CONFIDENTIAL INFORMATION when such papers are served or sent.

(d) A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and Court personnel, and to designate the transcript appropriately.

(e) The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION that is not entitled to such designation or which is generally available to the public. The parties shall designate

only that part of a document or deposition that is CONFIDENTIAL INFORMATION, rather than the entire document or deposition. For example, if a party claims that a document contains pricing information that is CONFIDENTIAL, the party will designate only that part of the document setting forth the specific pricing information as CONFIDENTIAL INFORMATION, rather than the entire document.

4. <u>Disclosure and Use of Confidential Information</u>

Information that has been designated CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

5. <u>Qualified Recipients</u>

For purposes of this Order, "Qualified Recipient" means

(a) For CONFIDENTIAL INFORMATION:

(1) Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2) Court officials involved in this action (including Court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4) Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents. Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION to the officers, directors, and managerial level employees of the party producing such CONFIDENTIAL INFORMATION, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION in the ordinary course of such employee's employment; and

(5) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, pursuant to the Disclosure Agreement, to be bound by the terms of this Order.

(6) In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

(7) The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage

and for settlement purposes; and

        (8)    Representatives, officers, or employees of a party as necessary to assist outside counsel with this litigation.

    6.    <u>Use of Protected Information</u>

    (a)    In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission, or other papers of any kind that are served or filed include another party's CONFIDENTIAL INFORMATION, the papers must be appropriately designated, redacted if necessary, and filed under seal if necessary, pursuant to any applicable Local Rules of the District of Nevada, including LR IA 10-5 ("Sealed Documents"), LR IC 6-1 ("Redaction"), and LR IC 4-1 ("Service").

    (b)    All documents, including attorney notes and abstracts, that contain another party's CONFIDENTIAL INFORMATION, shall be handled as if they were designated pursuant to paragraph 4.

    (c)    Documents, papers, and transcripts that are filed with the Court and contain any other party's CONFIDENTIAL INFORMATION shall be filed in accordance with LR IA 10-5 ("Sealed Documents").

    (d)    To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

    (e)    In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, all persons who are not allowed to

1  obtain such information pursuant to this Order, other than the witness, shall leave the room
2  during the time in which this information is disclosed or discussed.
3         (f)      Nothing in this Protective Order shall bar or otherwise restrict
4  outside counsel from rendering advice to his or her client with respect to this action and, in
5  the course thereof, from relying in a general way upon his examination of materials
6  designated CONFIDENTIAL INFORMATION, provided, however, that in rendering such
7  advice and in otherwise communicating with his or her clients, such counsel shall not
8  disclose the specific contents of any materials designated CONFIDENTIAL
9  INFORMATION to persons not authorized to view such information pursuant to this
10  Order.
11      7.    <u>Inadvertent Failure to Designate</u>
12         (a)      In the event that a producing party inadvertently fails to designate
13  any of its information pursuant to paragraph 4, it may later designate by notifying the
14  receiving parties in writing. The receiving parties shall take reasonable steps to see that the
15  information is thereafter treated in accordance with the designation.
16         (b)      It shall be understood however, that no person or party shall incur
17  any liability hereunder with respect to disclosure that occurred prior to receipt of written
18  notice of a belated designation.
19      8.    <u>Challenge to Designation</u>
20         (a)      Any receiving party may challenge a producing party's designation
21  at any time. A failure of any party to expressly challenge a claim of confidentiality or any
22  document designation shall not constitute a waiver of the right to assert at any subsequent
23  time that the same is not in-fact confidential or not an appropriate designation for any
24  reason.
25         (b)      **<u>Any receiving party may disagree</u>** with the designation of any
26  information received from the producing party as CONFIDENTIAL INFORMATION. **<u>In</u>**
27  **<u>that case, any receiving party</u>** desiring to disclose or to permit inspection of the same
28  otherwise than is permitted in this Order, may request the producing party in writing to

1 change the designation of a document or documents, stating with particularity the reasons
2 for that request, and specifying the category to which the challenged document(s) should be
3 de-designated. The producing party shall then have seven (7) days from the date of service
4 of the request to:

    (i)    advise the receiving parties whether or not it persists in such designation; and

    (ii)    if it persists in the designation, to explain the reason for the particular designation and to state its intent to seek a protective order or any other order to maintain the designation.

    (c)    If no response is made within seven (7) days after service of the request under subparagraph (b), the information will be de-designated to the category requested by the receiving party. If, however, the request under subparagraph (b) above is responded to under subparagraph (b)(i) and (ii), seven (7) the producing party may then move the Court for a protective order or any other order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within seven (7) days after the statement to seek an order under subparagraph (b)(ii), the information will be de-designated to the category requested by the receiving party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

    No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

    (d)    With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

///

      (i)    the information in question has become available to the public through no violation of this Order; or

      (ii)    the information was known to any receiving party prior to its receipt from the producing party; or

      (iii)    the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

9. <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

10. <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL

1 INFORMATION by the person to whom disclosure was inadvertently made including, but
2 not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and
3 (iii) notify the producing party of the identity of the person to whom the disclosure was
4 made, the circumstances surrounding the disclosure, and the steps taken to ensure against
5 the dissemination or use of the information.

      11.    <u>Limitation</u>

      This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

      12.    <u>Conclusion of Action</u>

      (a)    At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

      (b)    After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION. Trial counsel's archive copy shall remain subject to all obligations of this Order.

      (c)    The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

      13.    <u>Production by Third Parties Pursuant to Subpoena</u>

      Any third party producing documents or things or giving testimony in this action

1  pursuant to a subpoena, notice or request may designate said documents, things, or
2  testimony as CONFIDENTIAL INFORMATION. The parties agree that they will treat
3  CONFIDENTIAL INFORMATION produced by third parties according to the terms of
4  this Order.
5        14.     <u>Compulsory Disclosure to Third Parties</u>
6        If any receiving party is subpoenaed in another action or proceeding or served with
7  a document or testimony demand or a Court order, and such subpoena or demand or Court
8  order seeks CONFIDENTIAL INFORMATION of a producing party, the receiving party
9  shall give prompt written notice to counsel for the producing party and allow the producing
10  party an opportunity to oppose such subpoena or demand or Court order prior to the
11  deadline for complying with the subpoena or demand or Court order. No compulsory
12  disclosure to third parties of information or material exchanged under this Order shall be
13  deemed a waiver of any claim of confidentiality, except as expressly found by a Court or
14  judicial authority of competent jurisdiction.
15        15.     <u>Jurisdiction to Enforce Protective Order</u>
16        After the termination of this action, the Court will continue to have jurisdiction to
17  enforce this Order.
18        16.     <u>Modification of Protective Order</u>
19        This Order is without prejudice to the right of any person or entity to seek a
20  modification of this Order at any time either through stipulation or Order of the Court.
21        17.     <u>Confidentiality of Party's Own Documents</u>
22        Nothing herein shall affect the right of the designating party to disclose to its
23  officers, directors, employees, attorneys, consultants or experts, or to any other person, its
24  own information. Such disclosure shall not waive the protections of this Protective Order
25  and shall not entitle other parties or their attorneys to disclose such information in violation
26  of it, unless by such disclosure of the designating party the information becomes public
27  knowledge. Similarly, the Protective Order shall not preclude a party from showing its own
28  information, including its own information that is filed under seal by a party, to its officers,

directors, employees, attorneys, consultants or experts, or to any other person.

**IT IS SO AGREED AND STIPULATED** this 29th day of January, 2019:

| | |
|---|---|
| LEWIS ROCA<br>ROTHGERBER CHRISTIE LLP | FOX ROTHSCHILD LLP |
| By: /s/ Meng Zhong<br>Michael J. McCue (Nevada Bar #6055)<br>Meng Zhong (Nevada Bar #12145)<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169 | By: /s/ Kevin M. Sutehall<br>Mark J. Connot (Nevada Bar #10010)<br>Kevin M. Sutehall (Nevada Bar #9437)<br>1980 Festival Plaza Drive, Suite 700<br>Las Vegas, NV 89135 |
| *Attorneys for Defendant and Counter-Claimant Cirrus Design Corporation* | *Attorneys for Plaintiff and Counter-Defendant Cirrus Aviation Services, LLC* |

**IT IS SO ORDERED:**

_____George Foley Jr._____
UNITED STATES MAGISTRATE JUDGE

DATED: _ 1/30/2019         _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CIRRUS AVIATION SERVICES, LLC, <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> CIRRUS DESIGN CORPORATION, <br><br> Defendant and Counter-Plaintiff. | Case No. 2:16-cv-2656-JAD-GWF |

I, _____, am employed by _____. In connection with this action, I am:

_____ a director, officer or employee of _____ who is directly assisting in this action;

_____ Other Qualified Recipient (as defined in the Protective Order)

(Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Protective Order in the matter of _____, Civil Action No. _____, pending in the United States District Court for the District of Nevada. I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order. To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have

107205495_1

12

executed a Disclosure Agreement. I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Utah for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed by Recipient

_____
Name (printed)

Date: _____