UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Great Western Air, LLC d/b/a Cirrus Aviation Services, LLC,<br><br>            Plaintiff/Counter-Defendant,<br><br>v.<br><br>Cirrus Design Corporation,<br><br>            Defendant/Counter-Claimant. | Case No. 2:16-cv-02656-DJA<br><br>**Order** |

      This is a trademark infringement case arising out of a dispute between a high-end airplane charter company—Great Western Air, LLC dba Cirrus Aviation Services, LLC ("Cirrus Aviation")—and a personal airplane manufacturer—Cirrus Design Corporation ("Cirrus Aircraft")—that share the same name. After a bench trial, the Court found that Cirrus Aircraft did not meet its burden of proving its claims that Cirrus Aviation had infringed on its trademark and engaged in unfair competition under federal, state, and common law. The Court thus entered judgment in favor of Cirrus Aviation and against Cirrus Aircraft.

      Cirrus Aircraft now moves under Federal Rule of Civil Procedure 52(b), 59(a)(2), and 59(e) to alter, amend, or supplement the findings of fact and conclusion of law; or, in the alternative, for a new trial under Federal Rule of Civil Procedure 59(a)(1)(B). (ECF No. 184). Cirrus Aircraft also moves to seal exhibits to that motion. (ECF No. 186). Because the Court does not find that altering or amending the judgment or granting a new trial is merited, it denies Cirrus Aircraft's motion to alter, amend, or for new trial. Because the Court finds that neither Cirrus Aircraft nor Cirrus Aviation have provided compelling reasons sufficient for the Court to seal the attachments to Cirrus Aircraft's motion, it denies the motion to seal. The Court will give the parties fourteen days to file a joint declaration regarding sealing the documents.

## Discussion

**I.  The Court denies Cirrus Aircraft's motion for a new trial or to alter or amend judgment.**

Rule 59(a) allows a district court to "grant a [party's motion for a] new trial on all or some of the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Rule 59(a)(2) allows that after a bench trial, "the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). "There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978); *see also Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 n.4 (9th Cir. 2007) (noting that *Brown v. Wright*, 588 F.2d 708 (9th Cir. 1978) established the standard for bench trial cases under Federal Rule of Civil Procedure 59(a)(2)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). But the relief provided for is extraordinary and "should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell*, 197 F.3d at 1255). The "four basic grounds upon which a Rule 59(e) motion may be granted [are]: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* Federal Rule of Civil Procedure 52(b) states that "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

Cirrus Aircraft requests that the Court amend the judgment on every factor of the eight-factor *Sleekcraft* analysis that courts in the Ninth Circuit employ to determine likelihood of confusion under the Lanham Act. *See* 25 U.S.C. § 1125(a)(1); *see AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *see Ironhawk Technologies, Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1159 (9th Cir. 2021). Cirrus Aircraft also requests that the Court amend its judgment to give more weight to certain evidence and less to other evidence, to consider the full range of Cirrus Aircraft's trademark usages,[1] and to consider and give weight to Cirrus Aviation's notice of opposition before the Trademark Trial and Appeal Board.[2] Alternatively, Cirrus Aircraft asks the Court to grant a new, jury[3] trial.

Having reviewed the motion, as well as Cirrus Aviation's response and Cirrus Aircraft's reply, the Court cannot find that altering or amending the judgment, or granting a new trial is merited. Cirrus Aircraft's motion primarily relies on the argument that the Court must correct manifest errors of law and fact upon which the judgment rests and to prevent manifest injustice. Having considered Cirrus Aircraft's arguments, the Court finds no basis to reverse its previous rulings at trial or its previous holdings, and finds no newly discovered or previously unavailable evidence or any intervening change in controlling law that would justify altering or amending the judgment, or granting a new trial.

**II.     The Court denies Cirrus Aircraft's motion to seal.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than

---

[1] Cirrus Aircraft raises this argument in its introduction but does not otherwise develop it. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 at n.3 (D. Nev. 2013) (explaining that the Court considers only well-developed arguments).

[2] Trial Exhibit 10.

[3] Cirrus Aircraft argues that the Court erred in striking its jury demand.

tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101.

Under the compelling reasons standard, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97. Compelling reasons exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1097 (internal quotations and citations omitted). The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted). The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents—that they are confidential" and that, in general, their disclosure would be harmful to the movant. *Id.* at 1182. Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Florence v. Cenlar Fed. Sav. & Loan*, No. 2:16-cv-00587, 2017 WL 1078637, at *2 (D. Nev. March 20, 2017). "As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the court must order that redacted versions be filed rather than sealing entire documents." *Id.*; *see In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011); *see Welch v. Minev*, No. 2:19-cv-01064-GMN-BNW, 2022 WL 4809269, at *2 (D. Nev. Oct. 1, 2022).

The Court denies Cirrus Aircraft's motion without prejudice but will retain the documents at issue under seal. Cirrus Aircraft seeks to seal its proposed findings of fact and conclusions of law that the Court asked it to submit along with its closing brief. Per the Court's instructions,

Cirrus Aircraft submitted both of these items to the Court directly and did not file them on the docket, so they are otherwise not filed.

     As a preliminary matter, the Court finds that the compelling reasons standard applies to these documents. Under that standard, however, the Court cannot justify sealing the entirety of the documents Cirrus Aircraft attached based on its explanation. Cirrus Aircraft asserts that the documents should remain sealed because they contain Cirrus Aviation's financial information, which Cirrus Aviation marked confidential. But Cirrus Aviation has not responded to Cirrus Aircraft's motion to provide further reasoning to support retaining these documents under seal. And without this reasoning, the Court would have to rely on hypothesis and conjecture to maintain these documents under seal. Additionally, it appears that these documents could be redacted to remove the financial information, rather than being sealed in their entirety. The Court will therefore deny Cirrus Aircraft's motion to seal. But it will not order the parties to file public versions of these documents at this time. Instead, it will require the parties to meet and confer and file a joint declaration regarding their positions on and justifications for: (1) retaining these documents under seal in their entirety; (2) redacting the documents; or (3) removing the confidentiality designations altogether. The parties shall have until September 6, 2023 to file this declaration. If the Court does not receive a timely declaration, it will order the documents unsealed.

///

///

///

**IT IS THEREFORE ORDERED** that Cirrus Aircraft's motion to alter or amend the judgment or for new trial (ECF No. 184) is **denied.**

**IT IS FURTHER ORDERED** that Cirrus Aircraft's motion to seal (ECF No. 186) is **denied.**

**IT IS FURTHER ORDERED** that on or before **September 6, 2023**, the parties must meet and confer and file a declaration regarding their positions on and justifications for: (1) retaining the documents attached to Cirrus Aircraft's motion alter or amend the judgment or for new trial under seal in their entirety; (2) redacting these documents; or (3) removing the confidentiality designations altogether. If the Court does not receive a timely declaration, it will order the documents unsealed.

DATED: August 23, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE